UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY JONES,

    Plaintiff,

vs.
                                      Case No.: 8:15-cv-702-T-24EAJ

GULF COAST HEALTH CARE OF
DELAWARE, LLC d/b/a ACCENTIA
HEALTH AND REHABILITATION
CENTER OF TAMPA BAY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant Gulf Coast Health Care of Delaware, LLC d/b/a Accentia Health and Rehabilitation Center of Tampa Bay's ("Accentia Health") Motion for Partial Judgment on the Pleadings (Dkt. 10), to which Plaintiff Rodney Jones has filed a response in opposition (Dkt. 15). For the reasons stated herein, the motion is **denied**.

    **I.**    **FACTUAL ALLEGATIONS**

Plaintiff Rodney Jones went to work for Defendant Accentia Health on April 26, 2004 as an activity director. Dkt. 1 at ¶ 6. During his employment with Accentia Health, Jones received favorable reviews. In August 2014, Jones had an MRI performed on his right shoulder. It was determined that he needed surgery, and it was scheduled for September 26, 2014. *Id.*, ¶¶ 8, 9, 10. Plaintiff took leave under the Family Medical Leave Act ("FMLA"), which began on September 26, 2014 and continued until December 19, 2014. *Id.*, ¶ 11. On December 8, 2014, Plaintiff's doctor wrote a letter stating that Plaintiff was not ready to return to work and would be re-evaluated

on December 18, 2014.[1] *Id.*, ¶ 13.  Sometime after December 8, 2014, Plaintiff requested that his leave be extended by an additional month.  *Id.*, ¶ 14.

On December 17, 2014, Donald Daniels[2] wrote a letter to Plaintiff confirming that Plaintiff was scheduled to return to work at the conclusion of his FMLA twelve week leave on December 19, 2014.  The letter also stated that if Plaintiff was not able to return to work on that date and required an additional thirty days of leave, that Plaintiff inform Defendant within three business days.  *Id.*, ¶ 15.  Shortly before December 19, 2014, Plaintiff spoke to Mr. Daniels and advised him that he was ready to return to work.[3]  Mr. Daniels informed Plaintiff that he would not be allowed to return to work without a certificate of full duty.  *Id.*, ¶ 16.  Plaintiff alleges that at least two other employees were allowed to return to work despite having to wear medical devices.  *Id.*

Plaintiff did not return to work on December 19, 2014.  Instead, Mr. Daniels wrote a letter to Plaintiff on that day stating that Plaintiff's FMLA leave expired on December 18, 2014 and that Plaintiff's request for an additional thirty days of leave was granted and would begin on December 19, 2014 and continue until January 17, 2015.  *Id.*, ¶ 17.  Upon receipt of the letter, Plaintiff confirmed with Mr. Daniels that his leave was extended and made arrangements with Mr. Daniels to return to work on January 19, 2015.

Plaintiff alleges that on January 12, 2015, his doctor completed an FMLA fitness-for-duty certification stating that Plaintiff could return to work on January 18, 2015.  *Id.*, ¶ 20.  Also on January 12, 2015, Mr. Daniels wrote a letter to Plaintiff confirming that he would return to work on January 19, 2015.  *Id.*, ¶ 21.  Plaintiff went to work on January 19, 2015.  Shortly after his arrival, Plaintiff was suspended from employment because "corporate" had seen images of

---

[1] The Complaint does not attach the letter nor indicate to whom it was addressed.
[2] The Complaint does not allege Mr. Daniels' position with Accentia Health.
[3] Plaintiff does not allege whether he told Mr. Daniels that he was ready to return to work on December 19, 2014 or whether he was ready to return sometime after that.

Plaintiff participating in certain activities while he was on leave and felt as though if Plaintiff could perform these activities, he could perform his job duties during that time.[4] *Id.*, ¶23. On January 22, 2015, Plaintiff sent via facsimile to Defendant's Human Resources Director a January 19, 2015 letter from his therapist stating that Plaintiff was a model patient throughout his rehabilitation program and never missed a session. Plaintiff was terminated on January 23, 2015.

## II.     STANDARD OF REVIEW

Plaintiff sues Accentia Health for FMLA Interference and for FMLA Retaliation. Accentia Health filed an Answer and Affirmative Defenses to the Complaint. Accentia Health now moves for a judgment on the pleadings as to Plaintiff's FMLA Interference claim.

"Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1233 (11th Cir. 2005. In deciding such a motion, the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle a plaintiff to relief. *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001). The Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998).

## III.     DISCUSSION

The FMLA gives employees the right to twelve weeks of unpaid leave due to a serious health condition that makes the employee unable to work. 29 U.S.C. § 2612(a)(1). An employer

---

[4] Plaintiff does not allege what type of activities the images portrayed him participating in nor the timeframe of the pictures.

must not "interfere with, restrain, or deny [an employee's] exercise of or [his] attempt to exercise" FMLA rights. 29 U.S.C. § 2615(a)(1).

There are two types of FMLA claims: (1) interference claims, where an employer denies or otherwise interferes with substantive rights under the FMLA; and (2) retaliation claims, where an employer retaliates against an employee for engaging in activity protected by the FMLA. *Penaloza v. Target Corp.*, 549 F. App'x 844, 847 (11th Cir. 2013). Although Plaintiff brings both claims in his Complaint, at issue in this motion for judgment on the pleadings is Plaintiff's interference claim. An employee claiming interference must show he was entitled to a benefit that he was denied. *Id.* (*citing Strickland v. Water Works & Sewer Bd.,* 239 F.3d 1199, 1206–07 (11th Cir. 2001).

An employee who takes FMLA leave is entitled "to be restored by the employer to the position of employment held by the employee when the leave commenced" "or [restored] to an equivalent position." *Diaz v. Transatlantic Bank*, 367 F. App'x 93, 95 (11th Cir. 2010) (quoting 29 U.S.C. § 2614(a)(1)(A)). "As a condition of restoration ..., the employer may have a uniformly applied practice or policy that requires each such employee to receive certification from the health care provider of the employee that the employee is able to resume work." 29 U.S.C. § 2614(a)(4). The "fitness-for-duty certification" is further discussed in 29 C.F.R. § 825.312, which provides:

> As a condition of restoring an employee whose FMLA leave was occasioned by the employee's own serious health condition that made the employee unable to perform the employee's job, an employer may have a uniformly-applied policy or practice that requires all similarly-situated employees (i.e., same occupation, same serious health condition) who take leave for such conditions to obtain and present certification from the employee's health care provider that the employee is able to resume work.

29 C.F.R. § 825.312(a).

Defendant argues that no issues of material fact exist because Plaintiff was given twelve weeks of FMLA leave, which began on September 26, 2014 and expired on December 18, 2014. By failing to return to work on December 19, 2014, Defendant asserts that Plaintiff forfeited his right to be reinstated under the FMLA.

Plaintiff contends that Defendant interfered with his right to return to work on December 19, 2104 by requiring that Plaintiff produce an FMLA fitness-for-duty certification in order to return from FMLA leave while Defendant permitted two other employees to return to work wearing medical devices. Although Plaintiff does not specifically assert whether the other employees were required to produce fitness-for-duty certifications, and whether such employees were similarly situated, *i.e.,* same job and same medical condition, Plaintiff may be able to prove as much through discovery. The pleadings can be construed such that Plaintiff is similarly situated to the other employees and Defendant applied a non-uniform policy upon his request to return to work resulting in an FMLA Interference claim. Therefore, drawing all inferences in favor of Plaintiff as the non-moving party, the Court denies Defendant's motion for judgment on the pleadings as to Plaintiff's FMLA Interference claim.

### IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Partial Motion for Judgment on the Pleadings.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2015.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record